Samuel H. Horstadter, J.
The defendant moves to dismiss the complaint for failure to state a cause of action. It appears from the complaint that after the plaintiffs, licensed real estate brokers, had, pursuant to employment by the defendant to procure a purchaser of certain premises or a purchaser with lease back on terms to be agreed upon, interested a group with whom negotiations were pending, the defendant and the plain *802 tiffs on December 7,, 1955, by letter entered into a 'written agreement. The critical- clause of this agreement annexed to the complaint- provides that if the transaction with the group mentioned is not consummated and the defendant sells “ the property within the- next- five years, to another purchaser through another broker, we undertake nevertheless, to pay to, you the sum of $25,00.0-, as your fee,’-’ The. complaint alleges-, a sale and conveyance of the premise^ to a purchaser for $3,000,0.00: on March 13, 1956, hut does not, state that- this sale was: made, through another broker. This omission is asserted: to he fatal to- the sufficiency of the complaint. I. think not. It would be utterly unreasonable to reacf the agreement as "binding the defendant to pay the plaintiffs if in the sale it. incurred the expense of an additional brokerage commission, "hut imposing no such duty if the defendant was able to make the sale without the intervention of a broker and thereby avoid the added expense. The purpose seems rather to assure the plaintiffs compensation,, notwithstanding that the sale was effected through another broker. Since the, agreement is at least susceptible. of this interpretation, it should not he held, as matter of law, that it must be given the construction advocated "by the defendant, that unless the sale was made through a "broker the defendant assumed no obligation to pay the plaintiffs. The authorities hold uniformly that an interpretation which leads, to an unreasonable or unjust result is to be avoided, unless the language of the agreement unmistakably so requires. (Pioneer Credit Corp. v. Sam Miguel, 275 App. Div. 636, 638; Fleischmam v, Furgueson, 223. N. Y, 235, 2 41.) The rule is applicable here.
The motion is denied with leave to answer within 10 days after service of a copy of this order with notice of entry.